### MID ATLANTIC MEDICAL SERVICES, INC., Plaintiff

v.

### Joel SEREBOFF and Marlene Sereboff, Defendants

### No. CIV. AMD 03–2269.

United States District Court, D. Maryland.

May 10, 2004.

Michelle Ericka Stawinski, Bouland and Brush LLC, Baltimore, MD, Thomas H. Lawrence, Lawrence and Russell LLP, Memphis, TN, for Plaintiff.

Martin Eugene Wolf, Quinn Gordon and Wolf Chtd., Towson, MD, John Charles Stein, The Boccardo Law Firm LLP, San Jose, CA, for Defendants.

## MEMORANDUM OPINION

DAVIS, District Judge.

In my Memorandum Opinion in this case filed on January 26, 2004, familiarity with which is assumed, *see Mid Atlantic Medical Services, Inc. v. Sereboff*, 303 F.Supp.2d 691(D.Md.2004), I concluded that plaintiff, an ERISA-covered health insurance plan, was entitled to recover from defendants, participants in the plan, out of the proceeds of payments to defendants based on tort claims defendants asserted against those responsible for their injuries, reimbursement for health care benefits provided to them in consequence of a motor vehicle accident. The parties filed cross-appeals from my order. Thereafter, in accordance with my order, plaintiff filed a timely application for attorney's fees and costs. *Cf. Johannssen v. District No. 1—Pacific Coast District, MEBA Pension Plan*, 292 F.3d 159, 178–79 (4th Cir. 2002) (elucidating standards for attorney's fees awards under ERISA). Defendants oppose the plaintiff's application for fees and costs. No hearing is needed.

Defendants' opposition is quite narrow. They do not dispute the reasonableness of the claimed fees and expenses. Rather, recognizing the broad discretion which informs a court's determination of an application for attorney's fees under ERISA, *id.,* they urge me to exercise my discretion to deny the application. I have considered the relevant Fourth Circuit guidelines, and I am persuaded that an award of fees is warranted here.* While defendants have certainly not acted in bad faith, and indeed, have apparently followed their attorney's advice in their insistence on litigating plaintiff's entitlement to reimbursement, as my prior order shows, I am convinced that defendant's counsel unwisely swam against a heavy current of legal precedent and that part of the cost of doing so justifiably includes a shifting of plaintiff's modest fees. Defendants are bound by their attorney's acts in this regard. (Indeed, I am willing to presume that, under the circumstances, counsel will credit the award made here against his contingent fee collected in respect to the underlying tort case, although the award here would be made even if that were not true. This would be especially appropriate inasmuch as counsel apparently regularly represents tort plaintiffs and the issue of reimbursement arises in his practice on a regular basis. If the Fourth Circuit agrees with counsel's interpretation of the law rather than with mine, then obviously the award of fees will not stand.). Clearly, in any event, defendants' substantial tort recovery will permit them to pay the fees and costs. In sum, I find that three of the guideline factors (factors (2), (4) and (5)) favor an award of fees, and two of them (factors (2) and (5)) decidedly so. Accordingly, the application for attorney's fees and costs shall be granted.

## ORDER

In accordance with the foregoing Memorandum Opinion, it is this 10th day of May, 2004, by the United States District Court for the District of Maryland, ORDERED

(1) That the plaintiff's motion for attorney's fees, expenses and prejudgment interest is GRANTED; and it is further ORDERED

(2) That JUDGMENT IS HEREBY ENTERED IN FAVOR OF PLAINTIFF AGAINST DEFENDANTS JOINTLY AND SEVERALLY IN THE AMOUNT OF NINETEEN THOUSAND, FORTY-FOUR DOLLARS AND 75/100 ($19,044.75) TOGETHER WITH INTEREST AT THE LEGAL RATE OF SIX PERCENT PER ANNUM DATING FROM MARCH 13, 2004, THROUGH THE DATE OF THIS JUDGMENT; and it is further ORDERED

(3) That any and all prior rulings made by this Court disposing of any claims against any parties are incorporated by reference herein and this order shall be

---

* The non-exclusive factors are the following: "(1) degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions." *See Johannssen,* 292 F.3d at 179. In this case, an additional factor favoring an award of fees is the fact that my prior order required the plaintiff health plan to pay (in accordance with the terms of the plan) a *pro rata* share of the litigation costs in respect to the sums recovered by defendants here in the underlying tort action. *See* 303 F.Supp.2d at 696.

deemed to be a final judgment within the meaning of Fed.R.Civ.P. 58.

